09 CV 9394

Lennon, Murphy & Lennon, LLC
Attorneys for Plaintiffs
CMA CGM S.A. and CMA CGM (AMERICA) LLC
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, New York 10170
Telephone:  (212) 490-6050
Facsimile:  (212) 490-6070

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CMA CGM S.A. and
CMA CGM (AMERICA) LLC,

           Plaintiffs,

  -against-

AMERICAN STEVEDORING INC.,

           Defendant.
------------------------------------------------------------X

09 CV _____

ECF CASE

### VERIFIED COMPLAINT

Plaintiffs CMA CGM S.A. and CMA CGM (AMERICA) LLC (hereinafter collectively referred to as "Plaintiffs") by and through their attorneys, Lennon, Murphy & Lennon, LLC, as and for their Verified Complaint against the Defendant AMERICAN STEVEDORING INC. (hereinafter "ASI" or "Defendant") allege, upon information and belief, as follows:

1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States § 1331.

2.  At all times material to this action, CMA CGM S.A. was, and still is, a foreign corporation or other business entity organized and existing under foreign law, and was the charterer of the vessel "CMA CGM MANET".

3. At all times material to this action, CMA CGM (AMERICA) LLC was, and still is, a corporation organized and existing under the laws of a foreign state, with a principal place of business located at 5701 Lake Wright Drive, Norfolk, Virginia 23502, and is a common carrier of cargo by sea for hire, and is an agent of CMA CGM S.A.

4. Upon information and belief, ASI was, and still is, a corporation, or other business entity organized and existing under the laws of New York, with a principal place of business located at 70 Hamilton Avenue, Brooklyn, New York, 11231, and was at all material times hereto engaged in the business of port operations and transportation services.

5. Under CMA CGM Bill of Lading contract number NA1506516 (hereinafter "the Bill of Lading Contract"), Plaintiffs contracted to physically transport a shipment of 600 packages of LCD TV parts (hereinafter "the cargo") from the loading port of New York to the discharge port of Manaus, Amazonas, Brazil. *A copy of the Bill of Lading Contract is annexed here to as Exhibit 1.*

6. The cargo was consigned to, and was to be received by, Tri-Net Logistics Management, Inc., (hereinafter "Tri-Net Logistics"). *See Exhibit 1.*

7. On August 5, 2008, container TGHU4761622 containing the full cargo was delivered to ASI, acting as stevedores, intended to be loaded aboard the CMA CGM MANET.

8. On August 6, 2008, while in the care, possession, custody and/or control of ASI, the cargo was damaged while being transported by ASI and/or its agents, servants, and/or its employees. *See ASI Terminal Accident/Damage report attached hereto as Exhibit 2.*

9. Specifically, the pallets containing the cargo suffered the following damage:
   A. four pallets suffered moderate compression and light to moderate breakage;
   B. five pallets suffered heavy compression and tearing of cartons which exposed the inner packaging and heavy breaking of the pallets; and

   C. fifty one pallets suffered light breaking of pallets and negligible distortion of the cartons.

*See Survey Report of Damage dated August 26, 2008 annexed hereto as Exhibit 3.*

10. A survey of the cargo revealed that the damage was the result of careless and/or rough handling of the containers during the course of transit. *See Exhibit 3.*

11. Due to the method of packing, the surveyors at the loading port were unable to determine the extent of the damage to the cargo and recommended the consignee, Tri-Net Logistics, examine the physical and operational capacity of the cargo. *See Exhibit 3.*

12. Due to the damage, on August 25, 2008, the cargo was transloaded by ASI for carriage into container ECMU4281705. ASI completed the transloading on August 26, 2008.

13. Container ECMU4281705 was later loaded by ASI for carriage onboard the vessel "ANL ESPRIT RP145S" and sailed on September 25, 2008.

14. At the discharge port, Tri-Net Logistics inspected the cargo and alleged the cargo was damaged in the amount of $236,740.00, exclusive of interest and costs.

15. The damage to the cargo was caused by ASI and/or its agents, servants, and/or employees as a result of negligence, carelessness, recklessness, omissions, and/or failure to exercise due diligence and due care in transporting the cargo.

16. On or about August 25, 2008, Plaintiffs received a claim from Tri-Net Logistics demanding payment from Plaintiffs in the entire amount of the alleged damaged to the cargo, to wit $236,740.00. *See Notice of Claims annexed hereto as Exhibit 4.*

17. The alleged loss sustained by the cargo receivers was caused by ASI and/or its agents, servants, and/or employees' negligence, carelessness, recklessness, omissions, and/or failure to exercise due diligence and due care in handling the cargo.

18. Plaintiffs should be awarded indemnity and/or contribution against ASI in the amount of $236,740.00 plus reasonable costs and fees incurred in bringing this action.

**WHEREFORE**, Plaintiffs, CMA CGM S.A. and CMA CGM (AMERICA) LLC seek the following relief:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That this Court enter Judgment against Defendant on the claims set forth herein;

C. That this Court award Plaintiffs their attorney's fees and costs of this action; and

D. That the Plaintiffs have such other, further and different relief as the Court may deem just and proper.

Dated: November 12, 2009.

                The Plaintiffs,
                CMA CGM S.A. and CMA CGM (AMERICA) LLC

By: _____
                Patrick F. Lennon
                Anne C. LeVasseur
                Darin L. Callahan
                LENNON, MURPHY & LENNON, LLC
                420 Lexington Ave., Suite 300
                New York, NY 10170
                (212) 490-6050 – phone
                (212) 490-6070 – fax
                pfl@lenmur.com
                acl@lenmur.com
                dlc@lenmur.com

# EXHIBIT 1

# BILL OF LADING FOR COMBINED TRANSPORT AND PORT TO PORT SHIPMENT

**CMA CGM**

Sheet 1 of 2

| SHIPPER/EXPORTER (2) | DOCUMENT NO (5) |
|---|---|
| TRI-NET LOGISTICS MANAGEMENT, INC.<br>ONE CIVIC PLAZA DRIVE, SUITE# 455<br>CARSON, CA 90745 | NAM603488K     NA1506516<br><br>EXPORT REFERENCES (6)<br>003792<br>020809-0012<br>003792 |
| CONSIGNEE (3) (NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER)<br>TRI NET LOGISTICA BRASIL LTDA<br>AV. PAULISTA, 1842 23ANDAR SAL 23C<br>SAO PAULO, SP 01310-200 BRAZIL<br>CNJP:03.727.177/0001-82<br>T: 55-11-3371-9733/F: 3371-9749<br>CNPJ/CPF: | FORWARDING AGENT - REFERENCES (7)<br><br>CHB:<br>FMC:<br><br>POINT AND COUNTRY OF ORIGIN (8)<br>CA, US |
| NOTIFY (4)<br>SAME AS ABOVE | DOMESTIC ROUTING/EXPORT INSTRUCTIONS (9)<br>NO SED REQUIRED - AES: ITN# X20080804049256 |

| PIER/TERMINAL (10)<br>BNSF-HOBART | COMBINED TRANSPORT*<br>PRECARRIAGE FROM (10A)<br>LOS ANGELES, CA USA | |
|---|---|---|
| VESSEL (11)<br>ANL ESPRIT<br>RP145S | PORT OF LOADING (12)<br>NEW YORK, NY, USA | COMBINED TRANSPORT - ONWARD CARRIAGE (15)* |
| PORT OF DISCHARGE FROM VESSEL (13)<br>MANAUS, AMAZONAS, BRASIL | FOR TRANSHIPMENT TO (14)<br>- | |

| CARRIER'S RECEIPT | | PARTICULARS FURNISHED BY SHIPPER - CARRIER NOT RESPONSIBLE | | |
|---|---|---|---|---|
| MARKS AND NUMBERS (16) | NO. of PKGS. (17) | DESCRIPTION OF GOODS (18)<br>SHIPPERS STOW LOAD AND COUNT | GROSS WEIGHT (19) | MEASUREMENT (20) |
| JABIL BRASIL<br>MANAUS<br>INVOICE# J-052<br><br>ECMU4281705<br>SN# 99231 | 600 | 1x40ST CONTAINER:<br><br>PCS<br>COMPONENTS FOR PRODUCTION OF LCD TV.<br>L/C NO. 18510800122<br>AES: ITN# X20080804049256<br>MERCADORIA DESTINADA A ADMISSAO NO REGIME DE<br>ENTREPOSTO INTERNACIONAL DA ZONA FRANCA DEMANAUS<br>- EIZOF<br>"ALL PALLETS ARE FUMIGATED AND FUMIGATED MARK IS<br>STAMPED ON A PALLET"<br>NCM CODE: 9013<br>TARE WEIGHT: 3740<br><br>T.E.# 018549366 | 4636.800KGM<br>10222.394LBS | 42.000MTQ<br>1483.216FTQ |
| | 600 | TOTAL | 4636.800KGM<br>10222.394LBS | 42.000MTQ<br>1483.216FTQ |
| | | Received for Shipment ANL ESPIRIT 28-JUL-2008 CMA<br>CGM America LLC As agents for the Carrier<br>FREIGHT TO BE PREPAID | | |
| | | SHIPPERS DECLARED VALUE<br>SUBJECT TO EXTRA FREIGHT AS PER TARIFF AND CLAUSE 10 OF THIS B/L | | |

**DRAFT**

These commodities, technology or software were exported from the United States in accordance with the Export Administration Regulations. Diversions contrary to U.S. law prohibited

*If the Pre-Carriage or Onward Carriage boxes are filled out, shipment will be treated as Through Combined Transport. Carrier undertakes entire transport from the place where the goods are taken in charge to the place designated for their delivery and assumes full liability for such transport as per clause 15.

RECEIVED in external good order and condition, except as otherwise indicated herein, the number of packages listed in the Carriers Receipt, said to contain the goods described in the Particulars Furnished by Shipper (contents, weight and measurement unknown to Carrier) to be transported to the port of discharge, or to such other place authorized or permitted herein, or so near thereto as the vessel can get, lie and leave, always in safety and without delay, and there to be delivered to consignee, or authorized receiver, or on carrier on payment of all charges due thereon.

All actions against the Carrier under the contract of Carriage evidenced by this Bill of Lading shall be brought before the **"Tribunal de Commerce" of Marseilles** and no other Court shall have jurisdiction with regards to any such action.

IN WITNESS WHEREOF   THREE (3)

Bills of Lading all of like tenor, have been executed, ONE of which being accomplished, the other shall stand void.

| DAY | MONTH | YEAR | BL/No.<br>CMDU |
|---|---|---|---|
| 28-JUL-08 | | | NA1506516 |

Signed for the Carrier CMA CGM SA by
CMA CGM (AMERICA) LLC as agent for the Carrier

By_____

(Continued on reverse side)

# BILL OF LADING FOR COMBINED TRANSPORT AND PORT TO PORT SHIPMENT

Sheet 2 of 2

**CMA CGM**

| | |
|---|---|
| **SHIPPER/EXPORTER (2)**<br>TRI-NET LOGISTICS MANAGEMENT, INC.<br>ONE CIVIC PLAZA DRIVE, SUITE# 455<br>CARSON, CA 90745 | **DOCUMENT NO (5)**<br>**NAM603488K**    NA1506516<br>**EXPORT REFERENCES (6)**<br>003792<br>020809-0012<br>003792 |
| **CONSIGNEE (3) (NOT NEGOTIABLE UNLESS CONSIGNED TO ORDER)**<br>TRI NET LOGISTICA BRASIL LTDA<br>AV. PAULISTA, 1842 23ANDAR SAL 23C<br>SAO PAULO, SP 01310-200 BRAZIL<br>CNJP:03.727.177/0001-82<br>T: 55-11-3371-9733/F: 3371-9749<br>CNPJ/CPF: | **FORWARDING AGENT - REFERENCES (7)**<br><br>CHB:<br>FMC:<br>**POINT AND COUNTRY OF ORIGIN (8)**<br>CA, US |
| **NOTIFY (4)**<br>SAME AS ABOVE | **DOMESTIC ROUTING/EXPORT INSTRUCTIONS (9)**<br>NO SED REQUIRED - AES: ITN# X20080804049256 |
| **PIER/TERMINAL (10)**<br>BNSF-HOBART | **COMBINED TRANSPORT***<br>**PRECARRIAGE FROM (10A)**<br>LOS ANGELES, CA USA | |
| **VESSEL (11)**<br>ANL ESPRIT<br>RP145S | **PORT OF LOADING (12)**<br>NEW YORK, NY, USA | **COMBINED TRANSPORT - ONWARD CARRIAGE (15)*** |
| **PORT OF DISCHARGE FROM VESSEL (13)**<br>MANAUS, AMAZONAS, BRASIL | **FOR TRANSHIPMENT TO (14)** | |

| CARRIER'S RECEIPT | | PARTICULARS FURNISHED BY SHIPPER - CARRIER NOT RESPONSIBLE | | |
|---|---|---|---|---|
| **MARKS AND NUMBERS (16)** | **NO. of PKGS. (17)** | **DESCRIPTION OF GOODS (18)**<br>**SHIPPERS STOW LOAD AND COUNT** | **GROSS WEIGHT (19)** | **MEASUREMENT (20)** |
| | SHIPPERS STOW, LOAD AND COUNT / / F C L<br>T H C AT DESTINATION PAYABLE BY CONSIGNEES AS PER LINE/PORT TARIFF<br>GROUND RENT/STORAGES COSTS AT P O D FOR CONSIGNEE's ACCOUNT ACCORDING TO PORT RATES.<br>CONTAINER DEPOSIT : USD 500/20' AND USD 1000/40'<br>UNLESS THE VALUE OF CARGO IS DECLARED ON THE FACE OF THIS BILL OF LADING OR WAYBILL IN THE CONDITIONS SET FOR<br>ON THE REVERSE, LIMITATION OF LIABILITY IN RESPECT OF LOSS OR DAMAGE TO GOODS SHALL NOT EXCEED USD 500.00 PER<br>PACKAGE, OR CUSTOMARY FREIGHT UNIT IF GOODS ARE NOT SHIPPED IN PACKAGE.<br>FOR THE PURPOSE OF THE PRESENT CARRIAGE, CLAUSE 14(2) SHALL EXCLUDE THE APPLICATION OF THE YORK/ANTWERP<br>RULES, 2004.<br>DEMURRAGE AND DETENTION PAYABLE BY THE MERCHANT AS PER CMA CGM TARIFF AVAILABLE ON THE WEB SITE WWW.CMA-<br>CGM.COM, OR IN ANY OF CMA CGM AGENCY<br>THE ORIGINAL BILLS OF LADING NEED TO BE SURRENDERED TO THE PORT OF DISCHARGE AGENT EVEN THOUGH SISCARGA HAS<br>BEEN IMPLEMENTED. TERMINAL COSTS WHICH WILL ARISE FOR FAILURE TO PRODUCE THE ORIGINAL BILLS OF LADING WILL BE<br>BORNE BY THE IMPORTER. | | |
| | | SHIPPERS DECLARED VALUE<br>SUBJECT TO EXTRA FREIGHT AS PER TARIFF AND CLAUSE 10 OF THIS B/L | | |

These commodities, technology or software were exported from the United States in accordance with the Export Administration Regulations. Diversions contary to U.S. law prohibited

*If the Pre-Carriage or Onward Carriage boxes are filled out, shipment will be treated as Through Combined Transport. Carrier undertakes entire transport from the place where the goods are taken in charge to the place designated for their delivery and assumes full liability for such transport as per clause 15.

RECEIVED in external good order and condition, except as otherwise indicated herein, the number of packages listed in the Carriers Receipt, said to contain the goods described in the Particulars Furnished by Shipper (contents, weight and measurement unknown to Carrier) to be transported to the port of discharge, or to such other place authorized or permitted herein, or so near thereto as the vessel can get, lie and leave, always in safety and without delay, and there to be delivered to consignee, or authorized receiver, or on carrier on payment of all charges due thereon.

All actions against the Carrier under the contract of Carriage evidenced by this Bill of Lading shall be brought before the **"Tribunal de Commerce" of Marseilles** and no other Court shall have jurisdiction with regards to any such action.

IN WITNESS WHEREOF   THREE (3)

Bills of Lading all of like tenor, have been executed, ONE of which being accomplished, the other shall stand void.

| DAY | MONTH | YEAR | BL/No.<br>CMDU |
|---|---|---|---|
| | 28-JUL-08 | | NA1506516 |

Signed for the Carrier CMA CGM SA by
CMA CGM (AMERICA) LLC as agent for the Carrier

By_____

(Continued on reverse side)

# EXHIBIT 2

# AMERICAN STEVEDORING INC.



**PHONE (718) 875-0777**
**FAX (718) 643-7201**

70 Hamilton Avenue
Brooklyn, NY 11231

## Terminal Accident/Damage Report

Date: <u>8/1/2008</u>

Time: <u>1730</u>

Location: <u>A Field</u>

**Personal Injury:**

Name Of Injured:

Job Category:

Nature of Injury:

What Inflicted Injury:

Witness:

**Cargo, Equipment, Property Damage:**

Item Damaged: <u>Container TGHU4761622</u>

Type of Damage: <u>Bottom rail and sidewall.</u>

Person with Control of incident: <u>Reach stacker driver</u>

**Description of Incident:** While traveling in the yard driver damaged box.


**Terminal Manager:** _____    **Date of Report:** _____

# EXHIBIT 3

|  |  |  |
|---|---|---|
| Place and Date of Survey | : | Redhook Terminal<br>70 Hamilton Ave.<br>Brooklyn, NY 11231<br>8/26/08 |
| Parties in Attendance | : | Tom Bradshaw – Crawford Marine & Transportation<br>Tom Mutts of Tri-Net Sales<br>Bob Patterson of Mitsui USA<br>Clint Catucci of American Stevedoring Inc. |

This is to certify that at the request of Márcio Trindade (Crawford Brasil Ltda) Crawford & Company was appointed to conduct a cargo survey with respect to possible damages sustained to the aforementioned shipment during the course of transit. Reportedly the container had been damaged and fearing damage to contents our attendance during transloading was requested. The purpose of our survey was to determine the nature, cause and extent of loss sustained.

## NARRATIVE

Prior to our attendance we were contacted by Bob Patterson indicating that his involvement was from an assistance perspective on behalf of Tri-Net Logistics. Mr. Patterson advised that arrangements had been made for transloading of the container on August 26, 2008 at Redhook Terminal. He also advised that we contact Tom Muts, Tri-Star Logistics in order to gain access to the terminal.

Upon contacting Mr. Muts we confirmed the transloading and advised of our intentions to attend same. It is our understanding with Mr. Muts that the container had to be transloaded at this time in order to meet loading schedule of and anticipated vessel on August 27, 2008.

On August 26, we proceeded to Red Hook Terminal in order to witness the transloading of Container No. TGHU 4761622.

Container No. TGHU 4761622 was a 40" van type ventilated container.

Examination of the exterior, we found the right side panel bowed outward approximately one foot and heavily distorted at corrugations 9-17 from the right rear corner post. The adjacent bottom rail was heavily bent upward approximately one foot resulting in the displacement of cross members and elevation of the container flooring.

Upon removal of Seal Nos. 018885, 4556221 and 47416 the rear doors were opened exposing the contents.

EXCELLENCE IN EVERYTHING WE TOUCH
6505 Buchan Road ■ Pembroke, GA 31321 ■ (912) 653-3711 ■ Fax (912) 657-2685 ■ www.crawfordandcompany.com
2

Contents consisted of palletized cardboard cartons stowed two wide and three tiers high over the entire length of the container, ten rows. Several rows were shrink-wrapped providing a unitizing affect. Air dunnage bags were used to fill voids between pallets and side panels. It is our opinion that the lack of shrink-wrap did not affect the overall condition of stow relative to this shipment.

Each pallet contained ten LCD Module Kits packaged in a single cardboard carton secured to pallets by two plastic bands by the width. Due to the method of packaging we were unable to examine the method of internal packaging.

Utilizing a forklift, pallets were removed for the container subsequent removal of shrink-wrap and shifted to Container No. ECMU 4281705 a like forty foot container.

As pallets were removed from the container, we observed various cartons with compression damage and failure of supporting pallets. These pallets were positioned primarily in the lower tiers directly above or adjacent to the elevated container flooring.

Pallets with apparent damage were set aside in the warehouse for further examination with damages observed as follows:

| | |
|---|---|
| 4 | pallets moderate compression and light to moderate breakage of pallets. |
| 5 | pallets heavy compression, tearing of cartons exposed inner packaging and heavy breakage of pallets. |
| 51 | pallets light breakage of pallets, negligible distortion of cartons. |

All pallets were stowed in Container No. ECMU 4281705 and Seal No. 0099231 was affixed in the rear door locks.

### DOCUMENTS RECEIVED

Commercial Invoice
Packing List
Patterson Correspondence
Notice of Claim to Carrier

### DOCUMENTS ISSUED

None

### LOSS

Due to the method of packaging, were we unable to determine the extent of damage therefore, we would recommend same be accomplished by consignee possessing the

means to adequately examine the physical and operational capacity of the units. Any damages found would then be submitted to the underwriters for consideration.

### CAUSE OF LOSS

It is our opinion that the aforementioned damage was the result of careless and or rough handling of the container during the course of transit.

### COMMENTS

We contacted Ken Sasaki, Tri-Net Logistics and were advised that the terminal, American Stevedoring Inc., has verbally accepted responsibility for the damages. As such arrangements for transloading were accomplished by same with American Stevedoring Inc. absorbing all cost.

Restow method and securing of shipment was accomplished under the direction of Bob Patterson. Attached is correspondence indicating same.

Note: We requested additional blocking and bracing; however, and were advised that none was available.

Due to the apparent amount of potential damage sustained, approximately 10%, we are of the opinion that the entire shipment should be transloaded and forwarded to the consignee in order to eliminate any additional cost for storage, handling and possible issues regarding non delivery.

All our actions are without prejudice and subject to the terms and conditions of the policy of insurance.

Best regards,

*[signature]*

Senior Marine Surveyor

Attachments:
    Commercial Invoice
    Packing List
    Patterson Correspondence
    Notice of Claim to Carrier
    Photos



# EXHIBIT 4

## Tri-Net Logistics Management, Inc.

One Civic Plaza Drive, Suite 455
Carson, CA 90745
(310) 233-3732 Fax (310) 518-9680

### NOTICE OF CLAIMS

Monday, August 25, 2008

Attn: Luisa Burroughs
CMA CGM (America) LLC
5701 Lake Wright Dr.
Norfolk, VA 23502
Tel: (757) 961-2335
Fax: (757) 961-2151
Email: usa.lburroughs@usa.cma-cgm.com

Dear Ms. Luisa Burroughs,

Please be advised that Tri-Net Logistics Management Inc. is holding CMA-CGM (America) LLC liable for any and all damage to the cargo inside container TGHU4761622. The damage to the container and subsequently any damages to the contents within the container occurred during the sole care and possession of CMA-CGM.

On Tuesday August 12th, 2008 we received notification from CMA-CGM (Ms. Luisa Burroughs) that container TGHU4761622 was damaged (per appendix A). In addition, on August 13th, 2008 we received photo's of the damaged container from American Stevedoring Inc. Mr. Clint Loretta-Catucci (see appendix B). Based on the photos provided it appears very likely that the contents within the container are damaged and we are holding CMA-CGM financially liable for any and all damages found.

Damaged Container: TGHU4761622
Contents:

    SKU #: A3KU32R24R
    Description: LCD Module Kit
    Quantity: 600 pcs
    Cargo Value: USD215,562.00

If you have any questions, please contact me. Thank you very much and best regards.

Sincerely,

Ken Sasaki
Tri-Net Logistics Management Inc.